Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com

Mark G Passannante OSB 944035
Broer & Passannante, P.S.
1001 SW Fifth Avenue, #1220
Portland, Oregon 97204
Phone: (503)294-0910
Fax: (503) 243-2717
Markpassannante@msn.com
       Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON (PORTLAND)

| | |
|---|---|
| ANALISE SONSTEBY, on behalf of herself and all others similarly situated,<br>    Plaintiffs,<br>vs.<br>VIAL FOTHERINGHAM LLP,<br>    Defendant. | Case No.: 3:17-cv-1837<br><br>COMPLAINT<br>Violation of 15 USC § 1692 (FDCPA)<br><br>Class Action<br><br>Jury Trial Requested |

PRELIMINARY STATEMENT

1. This is an action for money damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits abusive, deceptive and unfair debt collection practices and other tort claims.

2. Plaintiff's claims arise from Defendant's attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

4. Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

5. Plaintiff, Analise Sonsteby, (Sonsteby) is a natural person who at all material times resided in Multnomah County and the State of Oregon and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Vial Fotheringham LLP. (hereinafter "VF") is a limited liability partnership organized under Oregon law and does business in Oregon and other states. At all relevant times VF was acting within the scope of its employment by Pacifica at Riverscape Condominiums Owner's Association (hereinafter "Pacifica"). Defendant VF's principal place of business is located at 17355 SW Boones Ferry Road, Ste. A Lake Oswego, OR 97035.

7. Defendant uses the instrumentality of interstate commerce, such as using an interstate telephone and email communication system, and/or the mails in a business the principal purpose of which is the collection of debts.

8. Defendant uses the instrumentality of interstate commerce, such as using an interstate telephone and email communication system, and the mails to regularly collect or attempt to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due others.

9.  Defendant it is a debt collector as defined by 15 U.S.C. § 1692a(6).

ALLEGATION

10. Upon information and belief, plaintiff alleges, Riverscape LLC (the Declarant) built Pacifica Tower, as a residential condo building. On November 12th, 2007 the Declarant signed the declaration and bylaws for Pacifica Tower. On February 1, 2008, the Declarant recorded the declaration and possibly the bylaws for Pacifica Tower with Multnomah County.

11. The rights and duties imposed by the Declarant when it filed the declaration created restrictions on the free use and enjoyment of the Pacific Tower condo units purchased by individuals. The restrictions are identified in the declaration. The declaration could not be altered except as provided by ORS chapter 100.

12. The declarant sold the condo units to individuals. Subsequent owners of the Pacifica Tower condo units could not modify the restrictions when selling or buying the condo units.

13. Pacifica Tower has common areas such as shared walls, plumbing, elevators, entrance areas, and exterior walls.

14. One of the obligations imposed by the declaration and subsequently enforced by Pacifica was the obligation to pay annual assessments to pay for the expenses of maintaining the common areas jointly owned by the individuals holding legal title to the condos in Pacifica Tower.

15. The assessments are primarily imposed to cover the costs of maintaining the common areas that are jointly owned by the Pacifica members.

16. At some point the Declarant turned over control of Pacifica Towers to Pacifica. Pacifica is a non-profit mutual benefit membership corporation. The business of Pacifica was conducted by an elected board comprised of Pacifica owners.

17. Plaintiff purchased her condo from the declarant, sometime in 2008. She resides at 1830 NW Riverscape ST #404, Portland Oregon 97209. She is the legal owner of the condo unit in which she resides.

18. Plaintiff used those common areas as part of her daily activities, such as using the elevators to access her condo and using plumbing for personal and household uses, among other uses.

19. Pacifica hired PREM Group to manage the business dealings of Pacifica and to manage the owners accounts through which the owners paid the annual assessment in monthly payments. PREM Group changed its name to Kin Living at some point.

20. PREM Group issued coupon payment books to owners that contained tear out stubs for each monthly installment of the assessments. The stubs had dates and amounts for the assessments.

21. Plaintiff fell behind on her payments. Allegedly, Pacifica recorded a notice of lien for unpaid assessments against plaintiff's condo on April 8, 2014. Later, Pacifica or PREM Group hired defendant to sue her.

22. Pacifica filed the lawsuit on January 15th, 2015. The lawsuit alleged that late fees for late payment were assessed at 5% by resolution of the Board.

23. The Pacifica Bylaws at 5.6 gave Pacifica's board the option of accelerating the remaining assessments for the fiscal year and including them in the lawsuit. Pacifica did not accelerate those assessments. Not accelerating the assessments increased the cost of collections and increased the number of late fees plaintiff had to pay.

24. Pacifica took a default judgment against plaintiff on May 1, 2015 for all the arrears owed at the time of judgment which was asserted to be $3,441.60 in the judgment. Pacifica was also awarded $2,493 in attorney fees for that default judgment and $539.10 for costs. The total

judgment was $6,535.91 on which post judgment interest of 12% accrued on the total award, including attorney fees.

25. That judgment nullified the statutory lien of Pacifica for unpaid assessments and all other charges that were included in the judgment.

26. After the judgment was entered plaintiff attempted to pay the current assessments by sending checks payable for the regular assessments along with the payment coupon by mail to PREM Group.

27. Defendant was not authorized by Pacifica to collect current assessments.

28. Despite plaintiff's clear intention to pay the current dues and unknown to plaintiff, PREM Group sent the checks to defendant who applied the payments to the arrears. Doing so caused plaintiff to incur late fees, interest and collection costs on the regular assessments of an unknown amount. The late fees were $50 plus interest assessed on a $217.20 regular assessment.

29. Plaintiff was charged $2,087.12 in late charges and $789.50 in interest on those late charges according to the PREM ledger dated 11/7/2016.

30. On November 15, 2016 defendant sent an intent to foreclose letter seeking unpaid past due assessments, late fees, interest and attorney fees and costs. That letter identified a notice of lien filed on April 8, 2014 as the basis for the lien.

31. The letter said Pacifica would not file the foreclosure suit within the next fourteen days. The only option to avoid foreclosure was by paying the balance in full or making "satisfactory payment arrangements."

32. The amount demanded was $10,073.25 consisting of $6,298.34 due to Pacifica for "outstanding assessments" and $3,774.79 due in attorney fees and costs.

33. Upon information and belief, the sums included in that letter included the remainder owed on the judgment Pacifica obtained. The sums included also included charges that were not levied under the declaration or bylaws.

34. The letter demanded interest imposed on attorney fees, collection charges, and late fees that were not authorized by law and were in violation of ORS 82.010.

35. Given an opportunity to conduct discovery plaintiff reasonably believes that the evidence will show that defendant uniformly demands interest not authorized by law or ORS 82.010.

36. Plaintiff incurred actual damages in illegal interest, collection costs, attorney charges and late fees that would not have been incurred but for defendant's application of the payment to arrears despite the clear intent of plaintiff that the payment be applied to the current assessment as evidenced by the use of the payment book and payment in the amount of the current assessment.

37. Plaintiff did not discover the miss-appropriation of the payments until 12/26/2016 when defendant informed plaintiff in an email that those payments had been sent by PREM Group to defendant and applied to the arrears and defendant's charges.

38. In light of the lien foreclosure letter and the escalating attorney fees and other collection charges plaintiff made a payment of $10,650 to defendant by cashier's check mailed to defendant on January 3, 2017.

39. Defendant did not provide an accounting of how the monies were applied. Nor did defendant provide any refund.

40. .FIRST CLAIM FOR RELIEF – Fair Debt Collection Practices Act

41. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

42. The attempt by defendant to collect interest, which was not owed by plaintiff, is an unfair and deceptive practice and a violation of multiple provisions of the Fair Debt Collection Practices Act, including 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10) and 1692f, 1692f(1).

43. The attempt to collect the debt by threatening a lien foreclosure action unless plaintiff paid the monies not claimable by lien, such as those owed on the judgment or not imposed by the declaration or bylaws or other recorded documents is an unfair and deceptive practice and is a violation of multiple provisions of the Fair Debt Collection Practices Act, including 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10) and 1692f, 1692f(1), 1692f(6).

44. The attempt to collect the debt directly or indirectly by intercepting payments made by the plaintiff who was attempting to pay current assessments to the management company, and instead applying those payments to the judgment, thereby exposing her to additional collections costs, late fees, interest and attorney fees on new arrears and leading to a statutory lien foreclosure is a violation of multiple provisions of the Fair Debt Collection Practices Act, including 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10) and 1692f, 1692f(1), 1692f(6).

## CLASS ALLEGATIONS

45. Plaintiffs sue for a class, under FRCP 23(a) and 23(b)(3).

46. Class I (interest class): The class incudes all individuals with Oregon addresses, regarding whom after November 15, 2016, defendant sued or caused to be sent a letter (directly or by an agent of defendant), seeking to collect interest that was not owed in violation of 15 USC 1692 et seq.

47. Class II (statutory lien overstatement class): The class incudes all individuals with Oregon addresses, regarding whom after November 15, 2016, defendant caused to be sent a letter threatening a statutory lien foreclosure (directly or by an agent of defendant), asserting or seeking to collect a charge that was not that was not recoverable as a statutory lien in violation of 15 USC 1692 et seq.

48. On information and belief, the class is so numerous that joinder of all members is not practicable.

49. There are questions of law and fact common to the class, which predominate over any questions relating to individual class members. The predominant questions are whether defendant attempt to collect interest or other charges that were not allowed by law.

50. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions.

52. A class action is superior for the fair and efficient adjudication of this matter, for
    a. Individual actions are not economically feasible, and
    b. Members of the class are likely to be unaware of their rights.
    c. It will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.
    d. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

e. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

f. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

**WHEREFORE**, Plaintiffs prays that judgment be entered against defendant for:

- For an award of statutory damages of $1,000.00 (per plaintiff) pursuant to 15 U.S.C. §1692k(a)(2)(A) and §1692k(a)(2)(B) for the class;

- For an award of actual damages to plaintiffs and the class determined pursuant to 15 U.S.C. §1692k(a)(1).

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- That this action may proceed as a class action under Fed. R. Civ. P. 23(b)(3), that Plaintiff be appointed as the representative for the proposed Class, and that Plaintiff's counsel be appointed as counsel for the proposed Class;

- That Plaintiff and the proposed Class recover the damages determined to have been sustained by them, including actual damages and statutory damages, and that judgment be entered against Defendants on behalf of Plaintiff and all members of the Class;

- That Plaintiffs and the proposed Class recover their costs of this suit, including reasonable attorney's fees, as provided by law; and

///

///

- That the Court direct all such further relief that it deems just and appropriate.

Dated this November 15, 2017

/s/ Bret Knewtson
Bret Knewtson, OSB 03355
Of Attorneys' for Plaintiff